IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jessie Frederick, ) | C/A No.  0:15-3399-HMH-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ) | **REPORT AND RECOMMENDATION** |
| John Magill, *Director, S.C.D.M.H.*; Holly ) | |
| Scaturo, *Director, S.V.P.T.P.*; Kimberly ) | |
| Poholchuk, *Program Coor., S.V.P.T.P.*; ) | |
| Warden Stevenson, *Warden, B.R.C.F.*, *all in* ) | |
| *their individual and official capacities*, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Jessie Frederick, a self-represented litigant committed to the Department of Mental Health, filed this action against the named defendants pursuant to 42 U.S.C. § 1983.  This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the defendants' motions for summary judgment.  (ECF Nos. 32 & 35.)  Pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), the court advised Frederick of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendants' motions.  (ECF Nos. 33 & 37.)  Frederick filed a response in opposition to the defendants' motions.  (ECF No. 39.)  The defendants filed replies.  (ECF Nos. 40 & 41.)  Having reviewed the parties' submissions and the applicable law, the court finds that the defendants' motions should be granted.

## BACKGROUND

Frederick is civilly committed as a resident of the Sexually Violent Predator Treatment Program ("SVPTP") at the South Carolina Department of Mental Health in Columbia, South Carolina. This program provides for the control, care, and treatment of individuals found to be sexually violent predators pursuant to the South Carolina Sexually Violent Predator Act. S.C. Code Ann. §§ 44-48-10 to -170. Frederick's Amended Complaint asserts claims pursuant to 42 U.S.C. § 1983 alleging unconstitutional conditions of confinement, that the defendants have been deliberately indifferent to his medical needs, health, and/or safety, and that the defendants have violated his rights to due process and equal protection.[1] Frederick seeks injunctive relief and monetary damages. (See generally Am. Compl., ECF No. 14.)

## DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary

---

[1] To the extent Frederick asserts additional claims in his Amended Complaint, the court previously found that Frederick provided no factual allegations to support such claims under the referenced constitutional provisions, and he provides no new assertions that would cure that deficiency. (See ECF No. 9 at 1 n.2)



judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.    Defendants' Motion for Summary Judgment**

**1.    Lack of Personal Participation**

Frederick appears to raise his claims against the defendants in their supervisory capacities as warden, director, and program coordinator. The defendants argue that, accordingly, any claims

fail because Frederick has failed to present any evidence, in opposition to the defendants' affidavits, that the defendants had any personal involvement in the alleged deprivation of Frederick's constitutional rights.

The law is clear that personal participation of a defendant is a necessary element of a § 1983 claim against a government official in his or her individual capacity.  Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009); Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001).  Moreover, a claim based upon the doctrine of *respondeat superior* does not give rise to a § 1983 claim.  Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691-94 (1978).  "Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  Iqbal, 556 U.S. at 676.  As the Iqbal Court observed, because masters do not answer for the torts of their servants in § 1983 cases, "the term 'supervisory liability' is a misnomer."  Id. at 677.  Indeed, the dissent in Iqbal opined that, "[l]est there be any mistake, in these words the majority is not narrowing the scope of supervisory liability; it is eliminating [ ] supervisory liability entirely."  Id. at 693 (Souter, J., dissenting).

While Fourth Circuit precedent recognizes that supervisory officials may be held liable in some circumstances for constitutional injuries directly inflicted by their subordinates, Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994), certain criteria must be demonstrated to trigger such liability.  A plaintiff must show that the supervisory official (1) was actually or constructively aware of a risk of constitutional injury, (2) was deliberately indifferent to that risk, and (3) that an affirmative causal link exists between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.  Carter v. Morris, 164 F.3d 215, 221 (4th Cir. 1999).  Although Frederick generally alleges that the defendants are responsible for the "policies and procedures



within the SVPTP," he has failed to point to any specific policy or procedure that allegedly violated his constitutional rights. (Am. Compl., ECF No. 14 at 5.) Additionally, Frederick's general allegations are insufficient to establish that the defendants had knowledge of any purported constitutional violation. See Shaw, 13 F.3d at 799. Review of Frederick's filings provides no insight into how the defendants would even have knowledge of the violations alleged in his Amended Complaint, as Frederick does not indicate that he made any attempt to inform the defendants about the alleged violations. (See generally Am. Compl., ECF No. 14.) Frederick fails to reasonably counter the defendants' affidavits to the contrary. Accordingly, any claims alleged against the defendants in their supervisory capacities fail as a matter of law.

### 2.    Failure to Train

Frederick's general allegation that the defendants "are responsible for the training and hiring of the staff of the SVPTP" fails to establish liability on the part of the defendants. "To impose liability on a supervisor [under § 1983] for the failure to train subordinates, a plaintiff must plead and prove that: (1) the subordinates actually violated the plaintiff's constitutional or statutory rights; (2) the supervisor failed to train properly the subordinates thus illustrating a 'deliberate indifference' to the rights of the persons with whom the subordinates come into contact; and (3) this failure to train actually caused the subordinates to violate the plaintiff's rights." Brown v. Mitchell, 308 F. Supp. 2d 682, 701 (E.D. Va. 2004). Deliberate indifference may be found where "the need for more or different training is so obvious, and the [failure to train is] likely to result in the violation of constitutional rights." City of Canton v. Harris, 489 U.S. 378, 390 (1989). In response to the defendants' motions for summary judgment, Frederick fails to identify with any specificity whatsoever how the defendants' alleged failure to properly train SVPTP staff constituted deliberate



indifference such that it resulted in the constitutional violations he alleges. Likewise, he provides no details or evidence to show how the defendants' alleged failure to properly train SVPTP staff actually caused the SVPTP staff to allegedly violate his constitutional rights. Therefore, Frederick's claims against the defendants for actions taken by subordinate employees fail.

## RECOMMENDATION

For the foregoing reasons, the court recommends that the defendants' motions for summary judgment be granted. (ECF Nos. 32 & 35.)

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

June 30, 2016
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).